## No. 510

## ATLAS SECURITIES CO. v. VAN SWERINGEN

No. 19774. Supreme Court

On motion to certify. Dock. Apr. 15, 1926.

282. CONFLICT OF LAWS—Where an automobile is sold in Indiana under a conditional sales contract and said automobile is later driven to Ohio without the consent or knowledge of the vendor is said contract subject to the laws of Ohio or those of Indiana?

Atlas Securities Company, of Indianapolis, brought this action originally in the Ashland Common Pleas against A. W. Van Sweringen, as constable in Montgomery Township Ashland, Ohio, in replevin to recover a certain automobile upon which the constable had made a levy.

It appears that one Walter Sapp of Indianapolis, Indiana, sold to O. E. Treace in Indianapolis, a Hupmobile Sedan, on a conditional sales contract. $450.00 was paid in cash and the balance was to be paid in sixteen monthly payments of $87 each. Sapp assigned and transferred his rights under this contract to the Atlas Securities Company of Indianapolis.

Treace without the consent or knowledge of the Securities Company later drove the car to Ashland County where the levy was made. The Securities Company thereupon filed suit in replevin and after giving the statutory bond drove the car back to Indiana. The trial court held that because the Securities Company had failed to plead or prove a tender of 50% of the money paid on the machine in compliance with 8570 GC. that it had no standing in court and judgment was thereupon rendered for the constable. This judgment was affirmed by the Appeals. The Securities Company in the Supreme Court contends that the laws of Indiana apply in this case, and that as all the requirements of the the Indiana law had been complied with, it is entitled to the possession with the Ohio statutes.

Attorneys—Louis Rosenberg, Indianapolis, and C. P. Winbigler, Ashland, for the Company; J. L. Mason, Ashland, for Van Sweringen.

---

## No. 511

## MALBIN BROS. CO. v. SCHWARTZ

No. 19772. Supreme Court

On motion to certify. Dock. Apr. 14, 1926.

681. JURISDICTION—Within the purview of 1579-6 (3) GC., which provides that Cleveland Municipal Court shall have jurisdiction in all contract cases where the amount claimed does not exceed $2500, does the court have jurisdiction where the interest on the principal sum would place the amount over the jurisdictional limit?

M. A. Schwartz brought this action originally in the Cleveland Municipal Court against The Malbin Bros. Company for $2,475.89 and interest, making a total up to the date of filing the suit of $2,534.97. Judgment was rendered by the Municipal Court for Schwartz for $1,343.72, including costs and interest.

Error was prosecuted to the Cuyahoga Appeals on the sole ground that the Municipal Court had no jurisdiction of the subject matter. The judgment was affirmed on the ground that substantial justice had been done.

The Company, in the Supreme Court, contends:

1. That the amount claimed and not the amount of the judgment determines the Court's jurisdiction.

2. That the words "Amount claimed" in the statute mean the amount of damages claimed plus the interest up to the date suit was filed.

Attorneys—Morgenstern & Morgenstern for Co.; Gordon & Gordon and A. L. Kreisberg, for Schwartz; all of Cleveland.